```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/20/21
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
:
TYRIEK GIBSON,                                                           :
                                                                         :
                                                                         :
                              Plaintiff,                                 :           1:21-cv-04251-GHW
                                                                         :
           -against -                                                    :           ORDER OF SERVICE
                                                                         :
THE STATE OF NEW YORK; THE                                               :
DEPARTMENT OF CORRECTION;                                                :
CAPTAIN ROBINSON; CAPTAIN                                                :
REYES; C.O. LOPEZ; DEPARTMENT                                            :
OF CORRECTION SUPERVISORS,                                               :
                                                                         :
                              Defendants.                                :
-------------------------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

    Plaintiff, who is a convicted prisoner currently incarcerated in the Anna M. Kross Center on Rikers Island, brings this *pro se* action under 42 U.S.C. § 1983. He alleges that while he was confined in the Vernon C. Bain Center (VCBC), correction officials were deliberately indifferent to the serious risk of his contracting COVID-19.[1] By order dated May 13, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[2]

## STANDARD OF REVIEW

    The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP

---

[1] Plaintiff filed the original complaint with 41 other VCBC detainees. By order dated May 7, 2021, Chief Judge Laura Taylor Swain severed the plaintiffs' claims and directed that they be opened as 41 separate actions. (ECF 1 at 5-6.) By order dated May 18, 2021, Chief Judge Swain directed Plaintiff to amend his pleading to name as defendants those individuals who he alleged were involved in the deprivation of his federal rights and to allege facts that state a claim under § 1983 and the Fourteenth Amendment. (ECF 4 at 7-9.)

[2] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

1

complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## DISCUSSION

### A.   The State of New York and the Department of Correction

By order dated May 18, 2021, Chief Judge Swain dismissed Plaintiff's claims against the State of New York based on Eleventh Amendment immunity. *See Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) ("[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ."). In the same order, Chief Judge Swain dismissed Plaintiff's claim against the New York City Department of Correction (DOC) because, as an agency of the City of New York, DOC is not an entity that can be sued in its own name. *See* N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."). In Plaintiff's amended complaint, he again names as defendants the State of New York and DOC. The Court dismisses Plaintiff's claims against the State of New York and DOC for the same reasons set forth in Chief Judge Swain's May 18, 2021 order. *See* ECF 4 at 4.

Because Plaintiff's claims against DOC must be brought against the City of New York, the Court construes the complaint as asserting claims against the City of New York, and directs the Clerk of Court to amend the caption of this action to add the City of New York as a defendant. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses the City of New York may wish to assert.

### B.   "Department of Corrections Supervisors"

Plaintiff's claims against the unnamed "Department of Corrections Supervisors" (DOC Supervisors) must also be dismissed. In a § 1983 action, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone*

3

*v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted).  A defendant may not be held liable under § 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights.  *See Iqbal*, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior.").  Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff names the DOC Supervisors as defendants in the caption of the amended complaint, but he does not allege facts in the body of the complaint about how any supervisory officials were personally involved in the alleged violations.  Rather, Plaintiff appears to seek to hold the unspecified supervisors liable simply because they are supervisory officials.  But that is not sufficient to state a claim under § 1983.  Plaintiff's claims against the DOC Supervisors must be dismissed for failure to state a claim on which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## C.     Waiver of Service

The Clerk of Court is directed to notify the New York City Department of Correction and the New York City Law Department of this order.  The Court requests that the City of New York, Captain Robinson (VCBC), Captain Reyes (VCBC), and Correction Officer Lopez (VCBC) waive service of summons.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Court dismisses Plaintiff's claims against the State of New York, the Department of Correction, and the Department of Correction Supervisors under 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

The Clerk of Court is directed to add the City of New York as a Defendant under Fed. R. Civ. P. 21.

The Clerk of Court is further instructed to electronically notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that the City of New York, Captain Robinson, Captain Reyes, and Correction Officer Lopez waive service of summons.

The Clerk of Court is further directed to mail a copy of this order to Plaintiff, together with an information package.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: September 20, 2021  
New York, New York

                                                GREGORY H. WOODS  
                                              United States District Judge